E-FILED
Tuesday, 08 November, 2022 11:42:36 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KRAIG PAYNE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-4141 |
| | ) | |
| JOHN GJANZON, et.al., | ) | |
| Defendant | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says Defendants Sergeant Gjanzon John, Officer B. Porter, Officer Dylan Trone, Sergeant Lefter, and Inmate Julian Jones violated his constitutional rights at Hill Correctional Center in July and August of 2022.

Plaintiff says on July 24, 2022, he was released from segregation. However, Plaintiff refused housing in general population when he saw his new cell was near an inmate he had a physical altercation with in May of 2022. Plaintiff was moved back to segregation. The focus of Plaintiff's claim appears to be that Defendant Porter

confiscated Plaintiff's property when he moved back to segregation including taking his T.V. and hotpot. Plaintiff later discovered "they misplaced all of my items." (Comp., p. 8).

"[T]he unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state post-deprivation remedy available." *Winston v. Simkus*, 2020 WL 6329465, at *1 (C.D.Ill March 10, 2020*), citing Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "Illinois state courts provides a remedy for the taking of property while the Illinois Court of Claims provides a remedy for damage to property." *Winston*, 2020 WL 6329465 at 1. Therefore, Plaintiff has failed to state a violation of his constitutional rights.

Plaintiff also alleges on August 20, 2022 and August 23, 2022, Defendant Sergeant John sexually harassed him when he made the Plaintiff bend over and touch his toes before he could have his food tray. In addition, the Defendant had tampered with his food. For the purposes of notice pleading, Plaintiff has alleged Defendant John violated his Eighth Amendment rights. *See i.e. Allen v. Baldwin*, 2018 WL 1610018, at *2 (S.D.Ill. April 3, 2018)("allegations of sexual misconduct, particularly where the sexual misconduct is designed to humiliate and demean, may state a claim for relief under the Eighth Amendment."); *Harrison v. Wexford Health Sources Inc.*, 2018 WL 659862, at *7 (C.D.Ill. Feb. 1, 2018)(tampering with food may constitute an Eighth Amendment violation).

Plaintiff next claims on August 12, 2022, and August 14, 2022, Defendant Inmate Jones assaulted him.  Plaintiff further claims officers failed to protect him because they saw what was happening and did not intervene.  There are two problems with this claim.

First, Plaintiff cannot sue another inmate pursuant to 42 U.S.C. §1983 because he was not a state actor. *See e.g. Mixon v. Coleman*, No. 21-4137, 2021 WL 5405771, at *1 (C.D. Ill. Nov. 18, 2021); *Gulley-Fernandez v. Naseer*, No. 16-CV-133, 2016 WL 2636274, at *2 (E.D. Wis. May 5, 2016); *Stewart v. McBride*, 68 F.3d 477, n.1 (7th Cir. 1995).

Second, Plaintiff has failed to identify any Defendant by name or description who knew about the assaults and failed to protect him.  Without more, Plaintiff has failed to articulate a constitutional violation.

Finally, Plaintiff says from July 29, 2022 to July 31, 2022, he was placed in a cell with no running water, a broken window, and feces on the door and bed.  Plaintiff has articulated a claim based on unconstitutional living conditions, but he has again failed to state who knew about the conditions in his cell, but took no action.  Did Plaintiff report the problems to any officer?

Plaintiff may proceed with his one Eighth Amendment claim against Officer John.  Plaintiff may choose to file an amended complaint if he believes he can clarify his claims concerning the assaults or his living conditions.  However, Plaintiff is advised he cannot file unrelated claims against different defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against

Defendant 2). For instance, Plaintiff cannot combine his claim against Defendant John with an unrelated claim concerning an attack or living conditions against a different Defendant.

In addition, Plaintiff must be able to demonstrate he fully exhausted his available administrative remedies for any claim before he filed his complaint. *See* 42 U.S.C. §1997e(a). Plaintiff indicates he did exhaust, but it is somewhat doubtful Plaintiff had time to complete the process for claims which occurred in July of 2022 before he filed his complaint in September of 2022.

Plaintiff has also filed a motion for appointment of counsel. [5]. In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has failed to demonstrate any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Therefore, Plaintiff's motion is denied.[5].

4

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged Defendant Sergeant Gjanzon John violated Plaintiff's Eighth Amendment rights on August 20, 2022 and August 23, 2022 when he made Plaintiff bend over to receive his door trays and/or tampered with his food trays.  The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service.  Defendant has 60 days from service to file an Answer.  If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Correct the name of the surviving Defendant from John Gjanzon to Gjanzon John; 2) Dismiss all other Defendants including Porter, Trone, Lefter, Jones, and Leffler for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Deny Plaintiff's Motion for Appointment of Counsel. [5]; 4 ) Attempt service on Defendant pursuant to the standard procedures; 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 8th day of November, 2022.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE

7